*Sue Salyer v. HD Supply Waterworks, Ltd.*
Case No. _____

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441**

<u>**List of Exhibits**</u>

Exhibit 1       Summons

Exhibit 2       Arbitration Certificate

Exhibit 3       Complaint

Exhibit 4       Affidavit of Service for Defendant HD Supply Waterworks Group, Inc.

Exhibit 5       First Amended Complaint

Exhibit 6       Notice of Filing Petition for Removal to Federal Court

*Sue Salyer v. HD Supply Waterworks, Ltd.*
Case No. _____

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441**

# EXHIBIT 1

Michelle R. Matheson  #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

## SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

SUE SALYER, an unmarried woman,

   Plaintiff,

v.

HD SUPPLY WATERWORKS GROUP,
INC.,

   Defendant.

Case No.: CV2010-053792

**SUMMONS**

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.lawyerfindaz.org
Sponsored by the
Maricopa County Bar Association

**THE STATE OF ARIZONA TO THE DEFENDANT:**

  **HD Supply Waterworks Group, Inc.**

  **Statutory Agent: Corporate Creations Network, Inc.**
   **8655 E Via De Ventura, Suite G200**
   **Scottsdale, AZ 85258**

  YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40

-1-

*Sue Salyer v. HD Supply Waterworks, Ltd.*
Case No. _____

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441**

# EXHIBIT 2

Michelle R. Matheson  #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

COPY
AUG 0 9 2010

SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

SUE SALYER, an unmarried woman, ) Case No.: CV 2010-053792
)
      Plaintiff, )
)
v. ) **CERTIFICATE REGARDING**
) **COMPULSORY ARBITRATION**
HD SUPPLY WATERWORKS GROUP, )
INC., )
)
      Defendant. )
)
)

        The undersigned certifies that they know the dollar limits and any other limitations

set forth by the local rules of practice for the applicable superior court, and further

certifies that this case is not within the jurisdictional limit for compulsory arbitration and

is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the

Arizona Rules of Civil Procedure.

        DATED this 9 th day of August, 2010.

                                        Michelle R. Matheson  #019568
                                        MATHESON & MATHESON, P.L.C.
                                        14358 N. Frank Lloyd Wright Blvd.
                                        Suite 11
                                        Scottsdale, Arizona 85260
                                        (480) 889-8951
                                        Attorney for Plaintiff

-1-

ORIGINAL of the foregoing filed
this ___ day of August, 2010, and COPY to:

Arbitration Department
Maricopa County Superior Court

-2-

*Sue Salyer v. HD Supply Waterworks, Ltd.*
Case No. _____

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§1441**

# EXHIBIT 3

COPY
AUG 09 2010

1  Michelle R. Matheson  #019568
   MATHESON & MATHESON, P.L.C.
2  14358 N. Frank Lloyd Wright Blvd.
   Suite 11
3  Scottsdale, Arizona 85260
   (480) 889-8951
4  mmatheson@mathesonlegal.com
   Attorney for Plaintiff

5

6                SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

7
   SUE SALYER, an unmarried woman,      )   Case No.:   CV2010-053792
8                                       )
              Plaintiff,                )
9                                       )
   v.                                   )
10                                      )   **COMPLAINT**
                                        )   **(Jury Trial Requested)**
11 HD SUPPLY WATERWORKS GROUP,          )
   INC.,                                )
12                                      )
              Defendant.                )
13                                      )
                                        )
14

15        Plaintiff, in support of her Complaint for unpaid overtime wages pursuant to the

16 Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") alleges as follows:

17        1.     Plaintiff Sue Salyer is currently and at all times relevant to this action a

18 resident of Maricopa County, Arizona.  Within the three year period prior to her last date

19 of employment on July 23, 2010 (the "Claim Period") Salyer was employed as a full-time

20 collections employee for Defendant.  At all times relevant to this action, Salyer was a

21 covered "employee" and Defendant was Plaintiff's "employer" as those terms are defined

22 by the FLSA.  A copy of Plaintiff's written consent to proceed as Plaintiff in this action is

23 attached to this Complaint as Exhibit 1.

24

25

                                      -1-

2.     Defendant is Delaware corporation registered to and doing business in Maricopa County, Arizona.   At all times during the Claim Period Defendant was a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

3.     This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to A.R.S. §12-123 and 12-401.

4.     On multiple times during her employment for Defendant, Plaintiff worked in excess of 40 hours per week.

5.     Plaintiff was paid a base salary for her services, but was not appropriately compensated in full for time worked in excess of 40 hours per week in violation of the FLSA.

6.     Defendant knew that it was subject to the requirements of the FLSA.

7.     Defendant knew or should have known that the duties performed by Plaintiff were non-exempt duties under the FLSA.

8.     Defendant nonetheless classified Plaintiff as "exempt" in an effort to avoid additional overtime compensation due to her under the FLSA.

## COUNT ONE

### (Failure to Properly Pay Overtime Wages in Violation of the FLSA)

9.     Plaintiff incorporates by reference the allegations above.

10.    During the Claim Period, Plaintiff was a nonexempt employee under the FLSA.

-2-

11.     During the Claim Period Defendant failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff often worked in excess of 40 hours per week, but was not paid for those excess hours at the compensation rate required by the FLSA.

12.     Defendant's failure to pay overtime to Plaintiff was willful.  Defendant did not act in good faith in failing to pay appropriate overtime compensation due.

13.     Plaintiff has suffered economic damages as a result of Defendant's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

A.     For the Court to declare and find that the Defendant committed one or more of the following acts:

      i.     violated overtime provisions of the FLSA; and

      ii.     willfully violated overtime provisions of the FLSA;

B.     For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

C.     For the Court to award Plaintiff her reasonable attorneys' fees and costs;

D.     For the Court to award pre-judgment interest on all compensation due, accruing from the date such amounts were due, and post-judgment interest; and

E.     For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

Dated this 9th day of August, 2010.

_MMatheson_

Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
Attorney for Plaintiff

ORIGINAL of the foregoing filed this 9th day of August, 2010, with Clerk of the Court

-4-

1   Michelle R. Matheson  #019568
    MATHESON & MATHESON, P.L.C.
2   14358 N. Frank Lloyd Wright Blvd.
    Suite 11
3   Scottsdale, Arizona 85260
    (480) 889-8951
4   mmatheson@mathesonlegal.com
    Attorney for Plaintiff
5

6              SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

7

8   SUE SALYER, an unmarried woman,      )   Case No.:
                                         )
9            Plaintiff,                   )
                                         )
10  v.                                    )   **CONSENT TO BECOME A PARTY**
                                         )   **PLAINTIFF**
11  HD SUPPLY WATERWORKS GROUP,          )
    INC.,                                )
12                                        )
                                         )
13           Defendant.                   )
                                         )
14  ──────────────────────────────────  )

15          Comes now, Sue Salyer, pursuant to 29 U.S.C. §216(b) and files this consent to

16  become a party plaintiff in the above-styled lawsuit.

17          I hereby consent to be a party plaintiff in this lawsuit and specifically authorize

18  counsel of record to represent me in the above referenced action.

19

20

21                              _____
22                                   SUE SALYER
23

24                              8-6-10.
25                              _____
                                     Date

                                    -1-

*Sue Salyer v. HD Supply Waterworks, Ltd.*
Case No. _____

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
§1441**

# EXHIBIT 4

E-Z MESSENGER
1209 E. Washington Street
Phoenix, AZ 85034
(602) 258-8081  FAX: (602) 258-8864

IN THE ARIZONA SUPERIOR COURT
STATE OF ARIZONA COUNTY OF MARICOPA

**SUE SALYER, AN UNMARRIED WOMAN**
VS
**HD SUPPLY WATERWORKS GROUP, INC.**

MICHAEL K. JEANES, CLERK
RECEIVED CCC #6
DOCUMENT DEPOSITORY

10 AUG 12 PH 3:12

CLIENT FILE NO.
SUE SALYER/HD SUPPLY

FILED BY_____

CASE NO. CV2010-053792

STATE OF ARIZONA          )
MARICOPA COUNTY           )

AFFIDAVIT OF SERVICE

THE AFFIANT, being sworn, states: That I am a private process server registered in MARICOPA COUNTY and an Officer of the Court.  On 08/10/10 I received the SUMMONS; COMPLAINT; EXHIBIT 1; CERTIFICATE REGARDING COMPULSORY ARBITRATION

from MATHESON & MATHESON, P.L.C. and by MICHELLE R. MATHESON in each instance I personally served a copy of each document listed above upon:
HD SUPPLY WATERWORKS GROUP, INC., BY SERVICE UPON ITS STATUTORY AGENT, CORPORATE CREATIONS NETWORK, INC. on 08/10/10 at 1:08 pm at 8655 E. VIA DE VENTURA, #G200 SCOTTSDALE, AZ 85258 MARICOPA COUNTY in the manner shown below:

by leaving true copy(ies) of the above documents with JANICE MINDRUP, RECEPTIONIST, STATED AUTHORIZED TO ACCEPT.

Description: WHITE, Female, Approx. 50+ yrs. of age, HAZEL Eyes, RED Hair,

SUSIE BALDWIN                          Affiant
Sworn to before me the  Aug 11, 2010

JoAnn Romo                            Notary

My Commission expires:  04/27/2014

| | | | |
|---|---|---|---|
| SERVICE OF PROCESS | $ | 16.00 | |
| MILES | 19 | $ | 45.60 |
| SERVICE CHARGE | | $ | 6.50 |
| AFFIDAVIT PREP/NOTARY | $ | 10.00 | |
| TOTAL | $ | 78.10 | |

AX021962946

1962946 15866 15
ORIGINAL

OFFICIAL SEAL
JOANN ROMO
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. April 27, 2014

*Sue Salyer v. HD Supply Waterworks, Ltd.*
Case No. _____

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441**

# EXHIBIT 5

1   Michelle R. Matheson  #019568
    MATHESON & MATHESON, P.L.C.
2   14358 N. Frank Lloyd Wright Blvd.
    Suite 11
3   Scottsdale, Arizona 85260
    (480) 889-8951
4   mmatheson@mathesonlegal.com
    Attorney for Plaintiff

5

6               SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

7

8   SUE SALYER, an unmarried woman,   )   Case No.: CV2010-053792
                              )
9          Plaintiff,             )
                              )   **FIRST AMENDED COMPLAINT**
10   v.                         )     **(Jury Trial Requested)**
                              )
11   HD SUPPLY WATERWORKS, LTD.,   )
                              )
12          Defendant.          )
                              )
13                                 )
                              )
14                                 )

15         Plaintiff, SUE SALYER, for her First Amended Complaint, alleges as follows:

16         1.     Plaintiff Sue Salyer is currently and at all times relevant to this action a

17 resident of Maricopa County, Arizona.  Within the three year period prior to her last date

18 of employment on July 23, 2010 (the "Claim Period") Salyer was employed as a full-time

19 collections employee for Defendant.  At all times relevant to this action, Salyer was a

20 covered "employee" and Defendant was Plaintiff's "employer" as those terms are defined

21 by the FLSA. A copy of Plaintiff's written consent to proceed as Plaintiff in this action is

22 attached to this Complaint as Exhibit 1.

23

24         2.     Defendant is Delaware corporation registered to and doing business in

25 Maricopa County, Arizona.  At all times during the Claim Period Defendant was a

covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

3.  This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to A.R.S. §12-123 and 12-401.

4.  On multiple times during her employment for Defendant, Plaintiff worked in excess of 40 hours per week.

5.  Plaintiff was paid a base salary for her services, but was not appropriately compensated in full for time worked in excess of 40 hours per week in violation of the FLSA.

6.  Defendant knew that it was subject to the requirements of the FLSA.

7.  Defendant knew or should have known that the duties performed by Plaintiff were non-exempt duties under the FLSA.

8.  Defendant nonetheless classified Plaintiff as "exempt" in an effort to avoid additional overtime compensation due to her under the FLSA.

## COUNT ONE

### (Failure to Properly Pay Overtime Wages in Violation of the FLSA)

9.  Plaintiff incorporates by reference the allegations above.

10.  During the Claim Period, Plaintiff was a nonexempt employee under the FLSA.

11.  During the Claim Period Defendant failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff often worked in excess of 40 hours per week, but was not paid for those excess hours at the compensation rate required by the FLSA.

12.    Defendant's failure to pay overtime to Plaintiff was willful.  Defendant did not act in good faith in failing to pay appropriate overtime compensation due.

13.    Plaintiff has suffered economic damages as a result of Defendant's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

A.    For the Court to declare and find that the Defendant committed one or more of the following acts:

    i.    violated overtime provisions of the FLSA; and

    ii.    willfully violated overtime provisions of the FLSA;

B.    For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

C.    For the Court to award Plaintiff her reasonable attorneys' fees and costs;

D.    For the Court to award pre-judgment interest on all compensation due, accruing from the date such amounts were due, and post-judgment interest; and

E.     For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

Dated this 7th day of September, 2010.

Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
Attorney for Plaintiff

ORIGINAL of the foregoing filed this 7th
day of September, 2010, with Clerk of the Court

*Sue Salyer v. HD Supply Waterworks, Ltd.*
Case No. _____

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.**
**§1441**

# EXHIBIT 6

1   Lisa M. Coulter (#010199)
2   Joshua R. Woodard (#015592)
    Kathryn Hackett King (#024698)
3   SNELL & WILMER L.L.P.
    One Arizona Center
    400 E. Van Buren
4   Phoenix, AZ 85004-2202
    Telephone: (602) 382-6000
5   lcoulter@swlaw.com
    jwoodard@swlaw.com
6   kking@swlaw.com
    Attorneys for Defendant
7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                  IN AND FOR THE COUNTY OF MARICOPA

10

11  SUE SALYER, an unmarried woman,          No. CV2010-053792

12               Plaintiff,                  **NOTICE OF FILING PETITION FOR
                                             REMOVAL TO FEDERAL COURT**
13  v.

14  HD SUPPLY WATERWORKS, LTD.,
                                             Complaint Filed: 08/09/2010
15               Defendant.                  Amended Complaint Filed: 09/07/2010
                                             Trial Date: None
16

17       **TO:   CLERK OF THE SUPERIOR COURT AND ALL PARTIES HERETO AND**

18  **THEIR ATTORNEYS:**

19       PLEASE TAKE NOTICE THAT on September 8, 2010, Defendant HD Supply

20  Waterworks, Ltd., pursuant to 28 U.S.C. §§ 1441 and 1446, petitioned for removal of the

21  above-styled action from the Superior Court of Arizona, County of Maricopa, to the

22  United States District Court for the District of Arizona.

23       Attached hereto as EXHIBIT "A" is a copy of the Notice of Removal which has

24  been filed in the United States District Court for the District of Arizona.

25       Pursuant to 28 U.S.C. § 1446(d), the filing of the aforesaid Notice of Removal in

26  the District Court, together with this Notice, effects the removal of this action, and this

27  Court may proceed no further unless and until the case is remanded.

28

11917624.1

1      RESPECTFULLY SUBMITTED this 8th day of September, 2010.

2                                SNELL & WILMER L.L.P.

3

4                         By  /s/ Kathryn Hackett King
                              Lisa M. Coulter
5                             Joshua R. Woodard
                              Kathryn Hackett King
6                             One Arizona Center
                              400 E. Van Buren
7                             Phoenix, AZ  85004-2202
                              Attorneys for Defendant
8

COPY of the foregoing
9   sent via regular mail
    this 8th day of September to:
10

Michelle R. Matheson
11  Matheson & Matheson, PLC
    14358 N. Frank Lloyd Wright Blvd, Suite 11
12  Scottsdale, AZ 85260

13

14  /s/ Joyce Baker

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11917624.1
                                    - 2 -