# EXHIBIT 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Sue Salyer ("Employee") and HD Supply Waterworks, Ltd. and all of its affiliated companies and divisions (collectively referred to as "the Company"), and is intended by the parties hereto to settle and dispose of all claims and liabilities that exist between Employee and the Company.

## RECITALS

A.  The Company terminated Employee's employment on or about July 23, 2010.

B.  On or about August 9, 2010, Employee filed a lawsuit against the Company in the Superior Court of Arizona, Maricopa County, Case No. CV 2010-053792, alleging a claim for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 ("Lawsuit"). On September 8, 2010, the Company removed the Lawsuit to the United States District Court for the District of Arizona, Case No. CV 10-1935-PHX-HWG.

C.  The Company denies all of Employee's allegations contained in the Lawsuit and specifically denies that the Company improperly or unlawfully failed to pay Employee overtime wages.

D.  The parties have now determined that it is in their respective best interests to resolve their differences without any admission of liability and to enter into this Settlement Agreement and General Release. By entering into this Agreement, the parties mutually agree to be legally bound by its terms as set forth below.

## COVENANTS

NOW, THEREFORE, for valuable consideration, the parties agree as follows:

### I.

A. As more fully set forth below, the Company agrees to pay Employee Thirty Thousand Dollars and No Cents ($30,000.00) and pay Employee's attorneys the lump sum of Nineteen Thousand Dollars ($19,000) (collectively "Settlement Amount"), provided Employee does not revoke this Agreement and provided the Court approves the Joint Motion To Approve Settlement Amount. The Settlement Amount shall be paid on or before the latter of (1) the fifteenth (15) business day after the expiration of the seven day revocation period in Section V; or (2) the fifteenth (15) business day after the Court approves the Joint Motion To Approve Settlement Agreement and Dismiss Lawsuit With Prejudice. This Settlement Amount is inclusive of all of Employee's claims and attorneys' fees

and expenses. The Parties agree that this Settlement Amount shall be allocated in the following manner: (1) $15,000, less all applicable withholdings and deductions required by law, for Employee's claim for unpaid wages; (2) $15,000 for Employee's claim for liquidated damages; and (3) $19,000 for Employee's attorney's fees.

B. Employee acknowledges that upon being paid the Settlement Amount outlined above, she is not owed any further monies by the Company for any reason.

C. Employee agrees that the Company and the Releasees (as defined below in Section 2(B)) shall not be liable for any tax obligations she and/or Matheson & Matheson, PLC may incur with respect to any payment under this Agreement, and she agrees to hold the Company and the Releasees harmless therefrom. She further agrees to defend, indemnify, protect, and hold harmless the Company and the Releasees from any efforts by any governmental authority that may seek to collect from the Company and the Releasees any taxes related to any payment made pursuant to this Agreement.

## II.

In consideration of the covenants set forth in Section I above and the covenants herein:

A. Employee agrees to execute a Joint Motion To Approve Settlement Agreement and Dismiss Lawsuit With Prejudice.

B. Employee, on behalf of herself, her marital community, and her heirs or assigns, expressly releases the Company and its parent, subsidiaries, affiliated companies, directors, officers, all of their agents, employees, and attorneys; and all their predecessors and successors (collectively "Releasees") from any and all claims, complaints, causes of action, and demands of any kind, whether known or unknown, which Employee has, ever has had, or may have and which are based on acts or omissions which Employee knew or should have known about at the time of the signing of this Agreement. This general release includes, without limitation, all rights and claims arising under Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1866 (section 1981); the Americans with Disabilities Act and the 2008 Amendments to same; the Rehabilitation Act of 1973; the Occupational Safety & Health Act; the Family and Medical Leave Act, as amended; the Employment Retirement Income Security Act of 1974; the Fair Labor Standards Act; the National Labor Relations Act; the Labor Management Relations Act; the Age Discrimination in Employment Act; the Sarbanes-Oxley Act; the Equal Pay Act; the Lilly Ledbetter Fair Pay Act; the Uniformed Services Employment and Reemployment Rights Act; Arizona state law, including, without

limitation, the Arizona Civil Rights Act, the Arizona Employment Protection Act, the Arizona Workers' Compensation Act, and Arizona laws governing wages and hours (A.R.S. Title 23); and/or any other common law or federal, state, or local laws, as well as any contract or tort causes of action arising from or in any way related to Employee's relationship with the Company, including but not limited to, claims for wrongful discharge, tort, personal injury, defamation, slander, infliction of emotional distress, or any claims for attorney's fees, other costs, or damages, including punitive damages.

C. Employee hereby agrees not to file any administrative charges, lawsuits, or other types of legal claims against the Company and/or Releasees related to her relationship with the Company, employment with the Company, and separation from that employment. In the event Employee has filed any administrative charge, Employee agrees to take all appropriate steps to withdraw such charge(s).

### III.

Employee is advised to consult with an attorney prior to executing this Agreement.

### IV.

By her signature below, Employee affirms that she has been given at least 21 days during which to consider this Agreement.

### V.

Employee may revoke this Agreement at any time within seven (7) days following her execution of the Agreement. Such revocation must be provided in writing and received during the seven (7) day revocation period. To be effective, the revocation must be received by the following individual:

> Ms. Susan Stucker
> Vice President – Legal, Labor & Employment
> HD Supply Law Department
> 501 W. Church St.
> Orlando, FL 32805

This Agreement shall not become effective or enforceable until the foregoing revocation period has expired.

### VI.

Employee agrees that she will not disparage the Company, and agrees to maintain the confidentiality of this Agreement. Employees agrees that she will not

publicize or publish this Agreement, the terms of this Agreement, the discussions that led to its creation and execution, or the consideration conveyed to her (collectively "Confidential Information") to any person or entity (including, without limitation, any current or former employee of the Company) in any medium (including, without limitation, webpage, e-mail, blog, social media site, written notes, letters or oral discussions). Nothing herein shall prevent Employee from disclosing Confidential Information to Employee's attorney, spouse, immediate family members, accountants, tax planners, or in response to a subpoena or as otherwise required by law. Should Employee disclose Confidential Information under these circumstances, Employee shall advise such persons that they must maintain the confidentiality of the Confidential Information and must not disclose it unless otherwise required by law. Likewise, HD Supply will not disparage Employee. If asked about this litigation, each Party will respond that it has been settled.

## VII.

Employee agrees that she will not seek or reapply for employment with the Company in the future, and that she waives any cause of action that she may have, or hereafter have, as a result of any refusal of the Company to employ or reemploy Employee, now or in the future, for any reason whatsoever.

## VIII.

Employee agrees that she will not disparage the Company or its executives or officers.

## IX.

This Agreement and the Joint Motion To Approve Settlement Agreement and Dismiss With Prejudice constitutes the full and complete understanding of the parties with respect to the matters addressed, and supersedes any and all understandings and agreements, written or oral, made prior hereto. There are no collateral understandings, representations, or agreements other than those contained herein. No provision of this Agreement shall be amended, waived or modified except by an instrument in writing, signed by the parties hereto. It is understood and agreed that the offering of this Agreement by the Company is not to be construed as an admission of any liability on its part to Employee, other than to comply with the terms of this Agreement.

## X.

This Agreement is to be construed and interpreted in accordance with the laws of the State of Arizona, except as those laws may be preempted by federal law.

## XI.

Each party represents that it has read and understands the terms of this Agreement, that it has relied only upon its own legal counsel, and that it has not relied on any representation made by another party or that party's counsel, except as set forth herein.

## XII.

The Company and the Employee intend that the payments set forth in this Agreement will comply with the separation pay exception set forth in Treas. Reg. §1.409A-1(b)(9)(iii) and any successor provision, and is, therefore, not subject to the requirements of Section 409A of the Internal Revenue Code of 1986, as amended.

## XIII.

If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable for whatever reason, the remaining provisions of this Agreement shall nevertheless continue in full force and effect without being impaired in any manner whatsoever.

## XIV.

Employee has read and understands the contents of this Agreement and affirms that no representations other than those contained herein have been made to induce or influence her execution of the Agreement, and that she executes this Agreement knowingly and voluntarily and upon independent legal advice of her own choosing.

_____     3/22/11
Sue Salyer                          Date

_____     3-25-11
Susan Stucker                       Date
Vice President – Legal, Labor & Employment
HD Supply Law Department